PORTELA, PLAINTIFF AND APPELLANT, *v.* GONZÁLEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2789.—Decided March 15, 1923.

EVIDENCE—SUB-LESSEE.—The burden is on the plaintiff to prove his case and the evidence in this case not showing that the defendant destroyed the house sued for, or that he was a real sub-lessee within the provisions of section 1454 of the Civil Code, the judgment dismissing the complaint should be affirmed.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. C. Coll Cuchí* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Manuela Portela brought an action against Rafael María González to recover the sum of $1,000, the value of a house belonging to the plaintiff which was alleged to have been destroyed by the defendant. The defendant filed a general denial. The case was brought to trial. The court dismissed the complaint and the plaintiff took the present appeal, assigning in his brief that in his opinion the court erred in weighing the evidence and in failing to apply sections 1454 and 1464 of the Civil Code. Both assignments will be considered together. Everything in this case depends upon the weight of the evidence.

There was a rural property which belonged to Dr. Matanzo and on which there was a house belonging to the owner of the land. In 1908 the owner leased the property to the firm of Avalo & Hernández for a term which expired in 1915 with the right to an extension until 1919. In 1917 Dr. Matanzo sold the property to the plaintiff, the house in question being included in its description, and when the property was delivered to the plaintiff at the expiration of the lease in

1919 the house to which reference has been made did not exist. These facts are absolutely clear. The doubtful points are whether the plaintiff proved the allegation of his complaint that the defendant subleased the property, destroyed the house and used the lumber for his own purposes. Let us examine the evidence.

By documentary evidence the plaintiff showed the purchase of the property and the lease to Avalo & Hernández. By oral evidence he attempted to show the sublease to the defendant and the destruction of the house. The plaintiff was a witness. From his testimony it appears that a firm called Toro & González was the sublessee, when and for how long not being known. He said that when the property was delivered to him the defendant was in possession as sublessee, but upon being asked who delivered the property to him he replied that it was delivered by a son of the defendant of the same name. The witness referred to some correspondence which was not offered in evidence. The letters might perhaps have made the question clear.

The other witnesses testified to the effect that about the years 1914 to 1916, or prior to the purchase of the property by the plaintiff, the house in question was pulled down, and some of them went so far as to say that it was done by order of the defendant, but it was observed later that the defendant and his son or sons were mistaken for each other.

If to this evidence of the plaintiff, deficient in itself, is added that offered by the defendant consisting of a public deed executed in 1912 by virtue of which the Juncos Central Company, the owners of various leases, including the one here in controversy, assigned them to the firm of R. González & Brother represented by its managing partner, Rafael González y Cuyar, it will be understood why the district court dismissed the complaint.

What relation is there between the defendant and R. González & Brother? Who is Rafael González y Cuyar? The burden is on the plaintiff to prove his case. And the evidence introduced by him in this case did not show that the defendant was personally liable.

The appellant insists that in any event the evidence shows that the house was destroyed by order of the defendant and that therefore he should be adjudged to pay for it. The defendant could have been a member of a partnership. Besides, the witnesses who testified that the defendant gave the order spoke of the González brothers. For example, the testimony of one of them was as follows: ''Does the house exist at present? No.—How do you know it does not exist? Because they tore it down. When did they tear it down? When it was in possession of the González brothers.—Who are the González brothers? The sons of Lito González.'' Lito is the defendant. Do his sons constitute the firm of R. González & Brother?

This being so, and especially as the plaintiff had an opportunity to produce the letters to which he referred and did not do so, the judgment appealed from can not be reversed.

It not having been shown that the defendant was a sublessee, sections 1454 and 1464 of the Civil Code were not applicable and, therefore, were not infringed by the court.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.